## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

In Re:                                                      CASE NO. BK 16-41602-SKH

SARA J SCHRINER,                                            Chapter 7

     Debtor.

_____/

CECIL SCHRINER,

     Cecil Schriner,

v.                                                          Adversary No. 17-4006

SARA J SCHRINER,

     Sara Schriner.

_____/

## ORDER GRANTING JUDGMENT
## ON COUNTS IV AND V OF THE COMPLAINT

Creditor/Plaintiff Cecil Schriner (Schriner) initiated this adversary proceeding by

Complaint filed on February 23, 2017.  In his Complaint, Schriner seeks a determination

denying Debtor/Defendant Sara Schriner (Debtor) a discharge under 11 U.S.C. §§

727(a)(2), (a)(4), and/or (a)(5).  He also seeks a finding that Debtor's debts to Schriner

are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) and (a)(15). Debtor filed

an Answer on April 4, 2017.

On May 24, 2017, Schriner filed a Motion for Partial Summary Judgment, arguing

that the child support and attorney fees outlined in Counts IV and V of his Complaint

should be excepted from discharge under 11 U.S.C. § 523(a)(5) or § 523(a)(15) as a

matter of law because there is no genuine issue as to any material fact germane to

these counts. Debtor filed a Brief in Opposition to Motion for Summary Judgment and

1

an Affidavit on June 22, 2017.  In her Brief, Debtor does not dispute that child support is

excepted from discharge under section 523(a)(5) and (a)(15).  She asserts that the sole

issue in this proceeding is whether the two awards of attorney fees are excepted from

discharge under section 523(a)(5).  Debtor argues that a district court order dated

August 25, 2016, awarding $7,500 in attorney fees to Schriner was punitive and not in

the nature of support.  She maintains this award may not be excepted from discharge

under section 523(a)(5).  She notes that the appellate order assessing $5,000 in costs

arising from attorney fees speaks for itself and makes no argument related to this order.

In her affidavit, she asserts that this cost assessment is not in the nature of support.

Doc. 22.

On July 26, 2017, the Court held oral argument on Schriner's Motion for Partial

Summary Judgment.  During the hearing, the Court advised the parties that a question

of fact would prevent judgment on Counts IV and V.  The parties agreed to submit the

matter to the Court for a determination on the merits of the claims Schriner alleged in

Counts IV and V.  They offered the same exhibits on the merits of their claims and

defenses as they submitted on motion for partial summary judgment.  At the hearing,

the Court received the following evidence which comprises the record for trial of the

claims alleged in Counts IV and V of the Complaint:  Claim 3-1 in Bankruptcy Case 16-

41602, Documents 16, 12, 13, 14, 21 and 22 in Adversary Proceeding 17-4006.  The

parties stipulated that Debtor filed a voluntary petition under Chapter 7 of the

Bankruptcy Code on October 24, 2016.

## I.     BACKGROUND

Schriner and Debtor are former spouses. They divorced in February 2014. The
Decree of Dissolution entered on February 3, 2014, in the District Court, Franklin
County, Nebraska, granted legal and physical custody of their minor children to Schriner
and visitation rights to Debtor.  Doc. 13 at 1.  In the decree, the court ordered Debtor to
pay child support in the amount of $617 per month.  Id.  Debtor filed an appeal of this
Decree with the Nebraska Court of Appeals (Appeal No. A-14-371).  Id.

### A.     Support Issues

On June 16, 2014, while the appeal of the divorce decree was pending, Debtor
filed a Complaint to Modify the Decree. The court held a hearing on her request to
modify the divorce decree on August 12, 2014.  On November 18, 2014, the district
court entered a Journal Entry and Order modifying the child support amount to $335 per
month from February 1, 2014, to June 1, 2014.  In the Order, the district court also
increased the child support to $406 per month effective July 1, 2014, based on Debtor's
increased earnings.  Debtor appealed (Appeal No. A-15-055).  The Nebraska Court of
Appeals discovered that Appeal No. A-14-371 was still pending and found that the
district court lacked jurisdiction to enter the Journal Entry and Order dated November
18, 2014.  The Nebraska Court of Appeals dismissed Appeal No. A-15-055 on October
5, 2015, and the district court treated the Journal Entry and Order of November 18,
2014 as a nullity.

The Nebraska Court of Appeals ruled on the support issues in Appeal No. A-14-
371 and issued a mandate dated October 29, 2015, affirming the portion of the divorce
decree that awarded custody to Schriner and reversing the part of the Decree that set

the child support in the sum of $617 per month.  Id.  It also ordered Debtor to pay

$5,125 in costs, $5,000 of which were due to Schriner for attorney fees.  Doc. 12.

On November 23, 2015, the district court entered an Order on Mandate, reducing

Debtor's child support payments to $321 per month for two children and $239 per month

for the support of one child, commencing February 1, 2014.  In this Order on Mandate,

the district court also ordered that judgment be entered in favor of Schriner and against

Debtor in the sum of $5,000 with interest at 2.107% per annum "on account of the

Attorney Fees awarded as costs to the Appellee/Plaintiff by the Court of Appeals."  Doc.

13 at 3.

### B.    Custody and Parenting Time Issues

On December 3, 2014, before the divorce decree was affirmed on custody

issues, Debtor filed for modification of custody time in the divorce decree. Doc. 14 at 2.

In her request for modification, Debtor sought more parenting time, demanded the right

to be present at all medical/dental appointments and requested that Schriner notify her

of all such medical/dental and dermatology appointments and any school/church

extracurricular activities.  She also requested notification of all day care providers.

Schriner filed an Answer and Cross-Complaint on January 26, 2015.

The Nebraska Court of Appeals affirmed the district court's divorce decree on

custody and parenting time issues and entered a Mandate on May 23, 2015.

Schriner filed an Amended-Cross Complaint on June 22, 2015, requesting a

modification to standard visitation, a reduction of parenting exchanges and a reduction

in Debtor's participation in the children's medical care and extracurricular activities.

Schriner also requested attorney fees and parameters on co-parenting.

In an August 23, 2016, Journal Entry and Order, the district court denied most of Debtor's requests for modification and granted most of Schriner's requests in his cross-complaint. Doc. 14 at 5.   In reaching this conclusion, it found that Debtor "has been disruptive, controlling and rude," and "she is not acting in the best interests of the children in promoting their emotional growth." Doc. 14 at 6.

Both parties requested attorney fees.  The district court denied Debtor's request and granted Schriner's request for attorney fees.  It explained:

> The Court in this case is awarding attorney fees to Plaintiff's counsel because Defendant prevailed on one issue, i.e., day care notification, which the Plaintiff agreed to.  In addition, her modification was frivolous and she acted in bad faith by attempting to alienate the children and then asking for more parenting time.  The Court does not reward bad behavior.

Doc. 14 at 8.

The district court ordered Debtor to pay $7,500.00 of Schriner's attorney fees at the rate of $125.00 per month, effective October 1, 2016. Doc. 14 at 8.

On October 24, 2016, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

## II.    ANALYSIS

In general, the statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code.  Owens v. Miller (In re Miller), 276 F.3d 424, 429 (8th Cir. 2002).  Exceptions from discharge for spousal and child support deserve a more liberal construction, however, because "the policy underlying § 523 favors enforcement of familial support obligations over a fresh start for the debtor."  Phegley v. Phegley (In re Phegley), 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011) (citing Holliday v. Kline (In re Kline), 65 F.3d 749 (8th Cir. 1995); Williams v. Kemp (In re Kemp), 242 B.R. 178, 181 (B.A.P. 8th Cir. 1999), aff'd 232 F.3d 652 (8th

Cir.2000)); <u>Nab v. Manard-Hester</u> (<u>In re Manard-Hester</u>)*,* 2009 WL 2501142, at *3

(Bankr. D. Neb. Aug. 12, 2009).  This principle remains true even if the support

obligation is owed directly to a third party, such as fees owed to attorneys which are in

the nature of maintenance or support of the former spouse or of the child of the debtor.

<u>In re Manard-Hester</u>, 2009 WL 2501142, at *3.

A creditor opposing discharge of a debt carries the burden of proving that the

debt falls within an exception to discharge.  <u>Werner v. Hofmann</u>, 5 F.3d 1170, 1172 (8th

Cir. 1993) (per curiam).  Preponderance of the evidence is the standard of proof that

applies to discharge exceptions under section 523(a). <u>Grogan v. Garner</u>, 498 U.S. 279,

286–87 (1991); <u>Simek v. Erdman</u> (<u>In re Erdman</u>), 236 B.R. 904, 911 (Bankr. D.N.D.

1999).  If the objecting creditor fails to establish every element under section 523(a), the

indebtedness at issue is dischargeable.  <u>In re Erdman</u>, 236 B.R. at 911.

### A. Count IV – Debts Excepted from Discharge under 11 U.S.C. § 523(a)(5).

In Count IV, Schriner alleges that child support accruing at the rate of $321.00

per month, attorney fees in the sum of $4,669.68 plus interest assessed in connection

with an appeal of the divorce decree, and $7,500 plus interest awarded by the district

court on August 25, 2016 are excepted from discharge under section 523(a)(5).

Section 523(a)(5) provides that:

(a)  A discharge under section 727, 1141, 1228(a), 1228(b),
or 1328(b) of this title does not discharge an individual debtor from
any debt—
* * *
(5) for a domestic support obligation.

11 U.S.C. § 523(a)(5).

6

In determining whether a debt falls under section 523(a)(5), courts look to the definition of "domestic support obligation" found in section 101(14A) of the Bankruptcy Code.[1]  See, e.g., In re Phegley, 443 B.R. at 157; In re Harris, 2008 WL 4020608 at * 2 (Bankr. D. Neb. Aug. 26, 2008); Schultz v. Schultz (In re Schultz), 2012 WL 5879129 at * 1 (Bankr. D. Neb. Nov. 21, 2012).  In this case, the debts for child support and attorney fees accrued before and after the date of petition, they are owed to a former spouse and they were established before the petition date by reason of the divorce decree.  The only issue raised regarding the definition of "domestic support obligation"

---

[1] Under section 101,

(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
    (A) owed to or recoverable by—
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
        (i) a separation agreement, divorce decree, or property settlement agreement;
        (ii) an order of a court of record; or
        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

7

under section 101(14A) is whether the debts are "in the nature of alimony, maintenance, or support."  See 11 U.S.C. § 101(14A)(B).

Whether a particular debt is in the nature of support is a question of federal bankruptcy law, not state law.  In re Phegley, 443 B.R. at 158.  While a state court's characterization of an award as maintenance or alimony in a divorce decree should be given deference, it does not bind a bankruptcy court.  Id. (citing In re Hamblen, 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999).  This characterization is a starting point when determining the intended function of the awards.  Id.

When deciding whether a debt should be characterized as one for support, the crucial question is the function the award was intended to serve. Id. at 157.  "Factors considered by the courts in making this determination include: the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments." Id. at 158.

### 1.  Child Support

The definition of domestic support obligation includes debts that accrue before, on or after the petition date for the support of children.  11 U.S.C. § 101(14A).  Debtor does not dispute that child support is a domestic support obligation.  This debt is excepted from discharge under section 523(a)(5).

## 2.  $5,000 Appellate Court Cost Assessment

In her affidavit, Debtor claims that the $5,000 attorney fee award arising from her appeal of the divorce decree was not in the nature of support.  Doc. 22.  She offers no details in support of this testimony.

In support of his claim that this debt is excepted from discharge, Schriner offered a district court order referring to the appellate court cost assessment (Doc. 13) and the Nebraska Court of Appeals Mandate that assessed attorney fees as a cost (Doc. 12). Schriner did not offer the Nebraska Court of Appeals opinion.

In its opinion, the district court reviewed and implemented the appellate decision. Doc. 13.  In doing so, it discussed the income and household debt obligation disparity between the parties:  Debtor earns substantially less than Schriner and the district court found she was responsible for paying only 10.74% of the household obligations. Nothing in the opinion suggests that it would be difficult for Schriner to subsist without reimbursement for his attorney fees; there is no discussion about his needs or actual expenses.  The opinion contains no information suggesting the attorney fee cost assessment was in the nature of support for Schriner.  The district court simply recalculated the support amounts based on the Child Support Guidelines.  Conversely, Debtor offered evidence suggesting that the $5,000 attorney fee award was not in the nature of support.  The burden of proving an exception to discharge is on Schriner.  He failed to meet the burden of proving the $5,000 attorney fee cost assessment is in the nature of support and thus excepted from discharge under section 523(a)(5).

### 3.  $7,500 District Court Attorney Fee Award

Schriner also seeks a determination excepting the district court's August 25, 2017 award of $7,500 in attorney fees from discharge under section 523(a)(15).  In its order, the district court did not discuss the financial condition of the parties, their employment histories, marital property or Schriner's reliance on the attorney fee award to subsist.  The district court only discussed issues related to custody and visitation.  Again, Schriner offered no evidence suggesting that it would be difficult for Schriner to subsist without reimbursement for his attorney fees; there is no discussion about his needs or actual expenses.  There is no evidence from which this Court may conclude that the attorney fee award was in the nature of support.

Further, the reasons the district court awarded attorney fees to Schriner are clear.  It ordered Debtor to pay Schriner's attorney's fees because Debtor prevailed on only one issue in their custody and visitation dispute, Debtor's case was frivolous and she acted in bad faith. Doc. 14 at 8.  Since the $7,500 attorney fee cost assessment is not "in the nature of support" but rather a punitive measure, it is not a debt excepted from discharge under section 523(a)(5).

### 1.      Count V – Debts Excepted from Discharge Under 11 U.S.C. § 523(a)(15).

In Count V, Schriner requests that the Court determine Debtor's debts arising from attorney fee awards are excepted from discharge under section 523(a)(15).

Section 523(a)(15) provides that:

(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

* * *

> (15)    to a spouse, former spouse, or child of the debtor
> and not of the kind described in paragraph (5) that is
> incurred by the debtor in the course of a divorce or
> separation or in connection with a separation agreement,
> divorce decree or other order of a court of record, or a
> determination made in accordance with State or territorial
> law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

To be excepted from discharge under section 523(a)(15), the debt must (1) be owed to the debtor's spouse, former spouse, or child; (2) not be of the type described in section 523(a)(5) referring to domestic support obligations; and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other court order In re Finkey, 2008 WL 2165979 at *1 (Bankr. D. Neb. May 21, 2008).

The debts at issue arise from attorney fee awards to Schriner.  Thus, the debts are owed to debtor's former spouse, establishing the first element of this claim. [2]  As discussed above, Schriner did not meet his burden of showing that the attorney fee award and cost assessment were in the nature of domestic support.  Consequently, they are not of the type described under section 523(a)(5), establishing the second element.  Finally, Schriner offered evidence showing that the attorney fee awards were incurred "in connection with" a divorce.  The Nebraska Court of Appeals assessed Debtor $5,000 when she lost her appeal of the divorce decree and the district court

---

[2] While the language of section 523(a)(15) refers only to debts to a spouse or former spouse, it has been interpreted to extend to debts owed to third parties, including attorneys.  See, e.g., In re Thimsen-Villa, 2010 WL 1609685 at *2 (Bankr. D. Neb. Apr. 20, 2010) (granting an exception from discharge under section 523(a)(15) for a debt of attorney fees incurred during a marriage); In re Finkey, 2008 WL 2165979 at *1 (Bankr. D. Neb. May 21, 2008) (finding that a debt owed to a bank was excepted from discharge under section 523(a)(15)).

awarded Cecil Schriner attorney fees because Debtor filed frivolous divorce decree

modification requests and she acted in bad faith by attempting to alienate the children

and then asking for more parenting time.  Accordingly, the attorney fee award and cost

assessment are excepted from discharge under section 523(a)(15).

## III.    Conclusion

For the reasons stated above, **IT IS ORDERED** that judgment shall be entered

as follows:

Count IV:  Schriner's prayer for relief is granted in part and denied in part.

Schriner's request for a determination that child support is excepted from discharge

under 11 U.S.C. § 523(a)(5) is granted.  Schriner's request for a determination that the

attorney fees referenced in Count IV are excepted from discharge under 11 U.S.C. §

523(a)(5) is denied.

Count V:  Schriner's pray for relief is granted.

Debts arising from the attorney fee award and cost assessment owed by Debtor

to Schriner are excepted from discharge under 11 U.S.C. § 523(a)(15).  Any debt owed

by Debtor to Schriner for child support is excepted from discharge under 11 U.S.C. §

523(a)(5).

Schriner's motion for partial summary judgment is moot.

Dated July 26, 2017.

_____ /s/ Shon Hastings _____
SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT